# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. ELH-18-2395 |
| DEYANA CORCORAN, *et al.*, | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

On August 9, 2019, the Court granted the motion to dismiss, or, in the alternative, for summary judgment filed by defendants Governor Larry Hogan, Former Commissioner Deyana Corcoran, Warden Frank Bishop, Lieutenant Vaughn Whiteman, and Correctional Officer II Amy Conner. ECF 17; ECF 18.[1] On August 28, 2019, plaintiff Donald Pevia filed a Motion To Alter Or Amend Judgment (ECF 21), which defendants oppose. ECF 23. Plaintiff also filed a Motion to Supplement and Add Exhibits. ECF 24.[2] For the reasons that follow, plaintiff's motions shall be denied.

Pevia, an inmate currently confined at the North Branch Correctional Institution ("NBCI"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his rights to Equal Protection and Due Process were violated by defendants when he was prevented from attending classes in order to obtain his general education diploma ("GED"). ECF 1. Inmates, such as plaintiff, who are placed on Housing Unit 2 for disciplinary segregation, must remain adjustment

---

[1] Citations are to the court's electronic docket.

[2] In the Motion to Supplement Exhibits, plaintiff seeks to add information regarding the size of cells at NBCI and whether inmates are properly double celled. ECF 24. As these issues were not before the court in this case, the Motion to Supplement Exhibits is denied.

free for six months before being able to transfer to Housing Unit 3. Those inmates who transfer into NBCI must remain on Housing Unit 2 for one year before being able to transfer to Housing Unit 3. ECF 14-3, ¶ 5. Other than special needs inmates confined to Housing Unit 2, inmates confined in Housing Unit 2 are not permitted to attend school. ECF 1 at 4; ECF 14-2 at 8; ECF 14-3, ¶ 3.

On January 23, 2018, plaintiff was assigned to NBCI, Housing Unit 2. ECF 1 at 3. In June 2018, while assigned to general population on Housing Unit 2, he was convicted of a rule infraction. ECF 14-3, ¶ 6. Pevia was found guilty of another rule infraction in October of 2018. As such, his ability to transfer to Housing Unit 3 was reset to March of 2019. *Id*. Defendants explained that plaintiff has completed his mandatory education requirement. ECF 14-2 at 9. Nevertheless, he was placed on the list for school programs once he is transferred to Housing Unit 3. ECF 14-3, ¶ 7. The court rejected plaintiff's claims that he was denied equal protection and due process in the failure to assign him to educational programming. ECF 17 at 9-12.

In his Motion to Alter or Amend, plaintiff simply reasserts his allegations that he was entitled to due process before he was denied entry into educational programming. ECF 21 at 2. He also claims that there is no set time for him to be moved to Housing Unit 2, where he could participate in additional programming, as inmates are only transferred from Housing Unit 2 to Housing Unit 3 with the unit a manager's approval. ECF 21 at 4-5.

The motion to alter or amend was filed within 28 days of the entry of judgment. Therefore, it is governed by Fed. Rule of Civ. Proc. 59(e). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). A motion to reconsider "need not be granted unless the

district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). But, mere disagreement with the court's ruling does not support a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. *See Russell*, 51 F.3d at 749; *Concordia College Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *see also In re: Reese*, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'") (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)).

Plaintiff has offered no justiciable reason to alter the court's previous ruling. As previously

explained, the Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Plaintiff's claim that he was treated differently than other inmates is without support, as no general population inmate assigned to Housing Unit 2 was permitted to attend educational programming. Moreover, plaintiff has put forth no evidence of discriminatory intent. Nothing in his motion alters the court's previous findings.

Likewise, plaintiff's due process claim also failed. In order to prevail on a due process claim, a plaintiff must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally insufficient. Plaintiff has no constitutional right to educational opportunities while incarcerated. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (no Eighth Amendment right to classes); *Women Prisoners of District of Columbia Dept. of Corr. v. District of Columbia*, 93 F.3d 910, 927 (D.C. Cir. 1996) (inmates do not have a constitutional right to education opportunities). Plaintiff has offered nothing in his motion to change the court's previous findings.

An Order follows.

Date: January 28, 2020                                /s/
                                                    Ellen L. Hollander
                                                    United States District Judge